GOULD, Circuit Judge,
concurring in part, dissenting in part:
I concur in the majority’s paragraph 3 of the memorandum disposition holding that *554 the government has presented sufficient evidence to show that Jarlik-Bell knew the tax returns to be false or fraudulent. But I dissent from the majority’s conclusion in paragraphs 1-2 of the memorandum disposition that the district court properly admitted evidence of Jarlik-Bell’s two traffic stops. I would reverse the district court on this issue.
Evidence of prior crimes or actions “must be narrowly circumscribed and limited” and “may not be introduced unless the government establishes its relevance to an actual issue in the case.” United States v. Hodges, 770 F.2d 1475, 1479 (9th Cir.1985). I do not see how the two traffic stops are relevant to prove Jarlik-Bell’s knowledge that the tax returns were false or fraudulent. The first traffic stop, where Jarlik-Bell handed Officer Flohr a blank Form 199-OID, showed her knowledge about the form itself, not her knowledge that its use in connection with her joint tax return with Raymond Bell was part of a fraudulent scheme to evade taxes and gain fraudulent refunds. The second traffic stop, where Jarlik-Bell refused to recognize the authority of Officer Flohr and identified herself as a “Peace Officer County Ranger” on “Official Duty,” may show her philosophy of being a sovereign citizen, but it has no relevance to her knowledge that the tax returns were false or fraudulent.
As explained, I see no relevance of the statements that Jarlik-Bell made during traffic stops. But even assuming that there was some probative value to the statements she made during the traffic stops, that assumed relevance is substantially outweighed by the danger of unfair prejudice to Jarlik-Bell from introducing that evidence. Fed.R.Evid. 408; United States v. Bailleaux, 685 F.2d 1105, 1110 (9th Cir.1982). Evidence of what she said during the traffic stops likely distracted the jury’s attention from her charged crime of tax fraud, shifting the focus to her erratic behavior and disrespect for law enforcement. The jury may have drawn a negative inference on Jarlik-Bell’s character as disrespectful of the law, and that is an important part of what Rule 404(b) tries to prevent. Evidence of the traffic stops “makes conviction more likely because it provokes an emotional response in the jury or otherwise tends to affect adversely the jury’s attitude toward the defendant wholly apart from its judgment as to his guilt or innocence of the crime charged.” Id. at 1111. The district court in my view should have excluded this evidence of what Jarlik-Bell said to police during the stops, and admitting this evidence was an abuse of discretion.
I would reverse the district court on this issue because the error was not harmless. We reverse nonconstitutional errors in admitting evidence “if it is more probable than not that the erroneous admission of the evidence materially affected the jurors’ verdict.” United States v. Awkard, 597 F.2d 667, 671 (9th Cir.1979). The key factual dispute before the jury is whether Jarlik-Bell knew that the tax returns were false or fraudulent when she signed them. The government has no direct evidence and contends that “the jury could infer she knew the claimed refunds were fraudulent” because Jarlik-Bell signed the tax returns, her income and claimed tax refunds were significantly disproportionate, and she had paid taxes before.[1] Jarlik-Bell’s erratic behavior and disrespect for *555 law enforcement, albeit irrelevant to her knowledge, may be highly damaging to her character in the eyes of the jury. The jury’s inference on Jarlik-Bell’s knowledge about the falsity of the tax returns may well have been influenced by its negative inference on her character. It is more probable than not that a rational juror was materially influenced by seeing evidence about the traffic stops, despite the district court’s instruction that the jury should consider the evidence only for its bearing. The district court’s admission of the traffic stops should be reversed.

. Although the evidence supporting Jarlik-Bell's conviction is thin, I agree with the majority that viewing the evidence in the light most favorable to the government, Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), a rational juror could have found Jarlik-Bell guilty.